# EXHIBIT

# A

CV53647

Filed 7/22/2022 11:03 AM
Kendra Popp-Charbula
District Clerk
Wharton County, Texas

Meagan Morales

CAUSE NO. CV53647

| | | |
|---|---|---|
| LARRY REESE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | WHARTON COUNTY, TEXAS |
| JUNIOR JEAN BAPTISTE; J KOKE | § | |
| TRANSPORTATION, LLC; and | § | |
| AL-NOOR EXPRESS, INC. | § | |
| | § | |
| *Defendants.* | § | 23RD  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LARRY REESE, Plaintiff, complaining of Defendants JUNIOR JEAN BAPTISTE; J KOKE TRANSPORTATION, LLC; and AL-NOOR EXPRESS, INC., and would respectfully show the Court the following:

### I.    DISCOVERY CONTROL PLAN

1.1    The damages in this case exceed $250,000.00. Plaintiff requests discovery in this case be conducted under a Level 3 Discovery Control Plan in accordance with Texas Rule of Civil Procedure 190.4.

### II.    PARTIES

2.1    Plaintiff LARRY REESE is a resident of Houston, Texas.

2.2    Defendant JUNIOR JEAN BAPTISTE ("Defendant BAPTISTE") is a resident of the State of Florida and who can be served with process pursuant to TEX. R. CIV. P. 106(a) by delivering to defendant in person, a true and correct copy of the citation an petition to his place of residence, **2127 Rivertree Cir., Orlando, FL 32839** or wherever he may be found.

2.3    Defendant J KOKE TRANSPORTATION, LLC is a foreign limited liability company authorized to do business in the State of Texas and may be served by delivering a true and correct

copy of the petition and citation to its registered agent, **JUNIOR JEAN BAPTISTE, 2127 Rivertree Cir., Orlando, FL 32839**, or wherever he may be found.

2.4     Defendant AL-NOOR EXPRESS, INC is a foreign corporation authorized to do business in the State of Texas an may be served by delivering a true and correct copy of the petition and citation to its registered agent, **Karimova Farida, 2229 Taylor Creek Court, Kissimmee, Florida 34758**, or whereever he may be found.

### III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction over the Defendants pursuant to the Texas long-arm statute, Section 17.042 Civil Practice and Remedies Code, because they committed a tort in whole or in part in the State of Texas. The amounts sought herein are within the jurisdictional limits of this Court.

3.2     Pursuant to section 15.001 and 15.002(a)(1) of the Texas Practice and Remedies Code, this venue is proper because the lawsuit is brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  The venue is also proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

3.3     Plaintiff has satisfied all conditions precedent to this lawsuit.

3.4     Plaintiff sues for monetary relief over $1,000,000.00.

### IV.     FACTS

4.1     On August 13, 2021, Plaintiff LARRY REESE, operating Kenworth truck and attached trailer, was traveling southbound on North Mechanic Street in El Campo, Texas towards the intersection of West Jackson Street and North Mechanic Street.  At the same time, Defendant JUNIOR JEAN BAPTISTE was traveling eastbound on West Jackson Street towards the intersection of West Jackson Street and North Mechanic Street.

-2-

CV53647

4.2     The intersection of West Jackson Street and North Mechanic Street is controlled by a traffic signal. Plaintiff LARRY REESE was proceeding through the aforementioned intersection, when Defendant JUNIOR JEAN BAPTISTE disregarded the traffic signal displaying a red light. As a result of his failure to obey the traffic signal, Defendant JUNIOR JEAN BAPTISTE's truck and trailer struck Plaintiff LARRY REESE's truck a high rate of speed.

4.3     At the time of the collision, Defendant JUNIOR JEAN BAPTISTE was employed and operating his vehicle on behalf of his employers, Defendants J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC.

4.3     As a result of the crash, Plaintiff sustained serious injuries and had to be transported from the scene of the crash by ambulance and continues to suffer from injuries caused by the crash.

## V.     NEGLIGENCE OF DEFENDANT BAPTISTE

5.1     The collision made the basis of this lawsuit resulted from the improper conduct of Defendant BAPTISTE. The conduct of Defendant BAPTISTE constitutes negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff. Defendant BAPTISTE's negligent acts or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

      a.     in failing to stop for a traffic signal displaying a red light;

      b.     in failing to yield the right-of-way;

      c.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

      d.     in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

      e.     in failing to turn the vehicle in an effort to avoid the collision in question;

      f.     in failing to drive at a safe speed for the conditions;

-3-

CV53647

    g.    in operating a vehicle while distracted;

    h.    in operating a motor vehicle while impaired.

5.2    Defendant BAPTISTE's negligence was a proximate cause of Plaintiff's injuries alleged herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

### VI. NEGLIGENCE OF DEFENDANTS J KOKE TRANSPORTATION, LLC AND AL-NOOR EXPRESS, INC

6.1    Defendants J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC were the employers of Defendant BAPTISTE at the time of the crash. The conduct of Defendants J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    a.    Allowing Defendant BAPTISTE to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    b.    Retaining Defendant BAPTISTE to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    c.    Entrusting a vehicle to Defendant BAPTISTE even though it knew or should have known he a reckless or incompetent driver;

    d.    Failing to properly train Defendant BAPTISTE in the safe operation of a motor vehicle;

    e.    Failing to properly supervise Defendant BAPTISTE's driving activities;

    f.    Failing to establish and enforce safety rules and regulations;

    g.    Failing to properly educate, instruct, and supervise the performance of Defendant BAPTISTE's duties;

    h.    Failing to adequately train, educate, or provide instructions and orders to Defendant BAPTISTE;

-4-

CV53647

    i.       Failing to provide proper safety manuals and instructions to employees responsible for safety; and

    j.       Failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

6.2     One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VII.   GROSS NEGLIGENCE

7.1     Defendants JUNIOR JEAN BAPTISTE, J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC's conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendants' had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights,safety, or welfare of Plaintiffs or others similarly situated.

7.2     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VIII.   EXEMPLARY DAMAGES

8.1     The above-referenced acts and/or omissions by Defendants JUNIOR JEAN BAPTISTE, J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

CV53647

8.2     The Defendants' act or omissions described above, when viewed objectively from the standpoint of JUNIOR JEAN BAPTISTE, J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

8.3     Defendants JUNIOR JEAN BAPTISTE, J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

8.4     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

8.5     Therefore, because of such acts of malice and gross negligence on behalf of Defendants JUNIOR JEAN BAPTISTE, J KOKE TRANSPORTATION, LLC and AL-NOOR EXPRESS, INC. Plaintiff sues for exemplary damages in an amount to be determined at trial.

## IX.     CAUSATION AND DAMAGES

9.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, the negligence of Defendants, and the gross negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

9.2     In the alternative, Plaintiff had a pre-existing condition to one or more parts of his body affect by this accident.  Plaintiff asserts that the negligence of the Defendants aggravated and exacerbated Plaintiff's pre-existing condition.

9.3     Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that they incurred in the past and that they will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

9.4     Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which suffered.

9.5     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

      a.   Medical care and expenses incurred in the past;

      b.   Medical care and expenses that will in all reasonable probability be incurred in the future;

      c.   Physical pain and suffering sustained in the past;

      d.   Physical pain and suffering that will in all reasonable probability be sustained in the future;

      e.   Physical impairment and disability in the past;

      f.   Physical impairment and disability that will in all reasonable probability will be sustained in the future;

      g.   Loss of wages in the past;

      h.   Loss of past and future earning capacity;

      i.   Mental anguish in the past;

      j.   Mental anguish that will in all reasonable probability be suffered in the future;

      k.   Physical disfigurement in the past; and

      l.   Physical disfigurement that will in all reasonable probability be suffered in the future.

CV53647

9.6     Because of all of the above and foregoing, Plaintiff suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff no bring suit.

9.7     Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief, both general and special, at law and in equity, to which they may be justly entitled.

## X.     PRESERVATION OF EVIDENCE

10.1     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; the remains of the vehicle and trailer, including tires, the engine electronic control module (ECM), tachograph, and any ancillary devices involved in the incident  or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Plaintiff; All driver logs and records of duty status for the two years preceding the date of the incident; All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident; The actual electronic control module, black box, onboard computer, or other engine computer containing the data referred; All computerized tracking information, including GPS and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the two (2) year period prior to the incident; any and all communication devices such as, but not limited to, cell phones and Qualcomm messaging systems, which were in possession of the driver and company personnel involved in the  incident, including calls, text messages, SMS, MMS, emails, and any other uses of the

communication devices; All data and video event recording technology data and records (such as SmartDrive or any other similar event recording system); bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the vehicles involved in the incident; facsimile; email; voicemail; investigation; cellular phone records; calendar entries; and any electronic image, data, or information related to Plaintiff, Defendants, the referenced incident, or any damages resulting therefrom.  Failure to maintain such items will constitute a spoilation of evidence.

## XI.    RULE 193.7 NOTICE

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notices that the production of any document in response to written discovery authenticates the document for use against that part in any pretrial proceeding or at trial.

## XII.    DEMAND FOR JURY TRIAL

12.1    Plaintiffs demand a trial by jury.  Plaintiffs acknowledges payment this date of the required jury fee.

## XIII.    REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

13.1    To the extent that the above-named Defendants and Parties are conducting business pursuant to a trade name or assumed name, then relief is sought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants and Parties answer in their correct legal and assumed names.

## XIV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiffs' recover damages in accordance with the evidence, costs of Court herein expended, interest to

which Plaintiffs are justly entitled under the law, and that the Court grants Plaintiffs such other

and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly

entitled

Respectfully submitted,

**THOMAS J. HENRY INJURY ATTORNEYS**
P.O. Box 696025
San Antonio, Texas 78269
(210) 656-1000 – Phone
(361) 985-0601 – Facsimile
sfrase@thomasjhenrylaw.com

By:

Scott R. Frase
State Bar No.: 24076956
sfrase-svc@thomasjhenrylaw.com*

**ATTORNEY FOR PLAINTIFF**

**\*Service by email to this address only.**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Scott Frase on behalf of Scott Frase
Bar No. 24076956
sfrase-svc@thomasjhenrylaw.com
Envelope ID: 66577712
Status as of 7/22/2022 11:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Frase | | sfrase-svc@thomasjhenrylaw.com | 7/22/2022 11:03:14 AM | SENT |

ATTORNEY FOR PLAINTIFF
SCOTT R. FRASE
P.O. BOX 696025
SAN ANTONIO, TX 78269

## THE STATE OF TEXAS

## CAUSE NO.  CV53647

### LARRY REESE
VS.
### JUNIOR JEAN BAPTISTE; J KOKE TRANSPORTATION, LLC; AND AL-NOOR EXPRESS, INC.

## CITATION
### 23RD DISTRICT COURT
### OF WHARTON COUNTY, TEXAS

TO: AL- NOOR EXPRESS, INC. KARIMOVA FARIDA
    2229 TAYLOR CREEK COURT
    KISSIMMEE, FL 34758

Respondent in the hereafter styled and numbered cause:

You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. . In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Said answer may be filed by mailing same to: District Clerk's Office, P.O. Box 391, Wharton, Texas 77488, or by bringing it to the office. Our office location is 103 S. Fulton, Suite 100, Wharton, Texas 77488. The case is presently pending before the **23rd District Court of Wharton County before the Honorable Judge Ben Hardin**. The cause number is **CV53647** and was filed in this office on **JULY 22ND, 2022.**  The style of the case is:

### LARRY REESE
VS.
### JUNIOR JEAN BAPTISTE; J KOKE TRANSPORTATION, LLC; AND AL-NOOR EXPRESS, INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the

### PLAINTIFF'S ORIGIANL PETITION

accompanying this citation and made a part hereof.

ISSUED and GIVEN under my hand and seal of said court, this the **22ND** day of **JULY, 2022**.



KENDRA CHARBULA, DISTRICT CLERK
WHARTON COUNTY, TEXAS

BY _____
MEAGAN MORALES, DEPUTY

#### OFFICER'S RETURN

Came to hand on the _____day of _____, 20___, at _____o'clock _____m. Executed at
_____, within the County of _____, at _____o'clock____m on the _____day of
_____, 20____ By delivering to the within named _____a true copy of this citation
together with the accompanying copy of the petition,  and endorsed on such copy of citation, the date of delivery.

Service Fee...$_____          Sheriff/Constable of _____County, Texas

By_____, Deputy/Process Server

ATTORNEY FOR PLAINTIFF
SCOTT R. FRASE
P.O. BOX 696025
SAN ANTONIO, TX 78269

## THE STATE OF TEXAS

### CAUSE NO.  CV53647

**LARRY REESE**
VS.
**JUNIOR JEAN BAPTISTE; J KOKE TRANSPORTATION, LLC; AND AL-NOOR EXPRESS, INC.**

### CITATION
**23RD DISTRICT COURT
OF WHARTON COUNTY, TEXAS**

TO: AL- NOOR EXPRESS, INC. KARIMOVA FARIDA
   2229 TAYLOR CREEK COURT
   KISSIMMEE, FL 34758

Respondent in the hereafter styled and numbered cause:

       You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. . In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Said answer may be filed by mailing same to: District Clerk's Office, P.O. Box 391, Wharton, Texas 77488, or by bringing it to the office. Our office location is 103 S. Fulton, Suite 100, Wharton, Texas 77488. The case is presently pending before the **23rd District Court of Wharton County before the Honorable Judge Ben Hardin**. The cause number is **CV53647** and was filed in this office on **JULY 22ND, 2022**.  The style of the case is:

**LARRY REESE**
VS.
**JUNIOR JEAN BAPTISTE; J KOKE TRANSPORTATION, LLC; AND AL-NOOR EXPRESS, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the

### PLAINTIFF'S ORIGIANL PETITION

accompanying this citation and made a part hereof.

ISSUED and GIVEN under my hand and seal of said court, this the **22ND** day of **JULY, 2022**.



KENDRA CHARBULA, DISTRICT CLERK
WHARTON COUNTY, TEXAS

BY _____
      MEAGAN MORALES, DEPUTY

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____m. Executed at
_____, within the County of _____, at _____ o'clock____m on the _____ day of
_____, 20___  By delivering to the within named _____ a true copy of this citation
together with the accompanying copy of the petition,  and endorsed on such copy of citation, the date of delivery.

Service Fee...$_____          Sheriff/Constable of _____County, Texas

                                 By_____, Deputy/Process Server